IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT

2007 JUN -6 A 11: 20

AKBAR NOORANI,

   Petitioner,

v.           CIVIL ACTION NO.:CV207-011

JOSE VAZQUEZ, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Akbar Noorani ("Noorani"), who was formerly confined at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Noorani's petition should be **DENIED**.

## STATEMENT OF THE CASE

Noorani was incarcerated[1] due to a conviction and sentence obtained in the Middle District of Florida for conspiracy to traffic contraband cigarettes and trafficking contraband cigarettes, in violation of 18 U.S.C. § 2342.

In the instant petition, Noorani requests the expungement of his record for his disciplinary conviction for possessing a hazardous tool and the restoration of his lost good conduct time. Noorani asserts, at the time he was charged with possession of a cell phone, he was housed at the Federal Prison Camp in Pensacola, Florida. Noorani

---

[1] Noorani's scheduled release date is June 19, 2007; however, his current address is listed on the Court's docket as "Goodwill Industries—Suncoast Inc."

contends he was found guilty of violating Code 108 of the Bureau of Prisons' Prohibited Acts Code, 28 C.F.R. § 541.13, Table 3, after receiving a hearing. Noorani also contends he lost 27 days' good conduct time.[2] Noorani alleges a cell phone is not a "hazardous tool" within the meaning of Code 108, and therefore, he could not be charged with possession of a hazardous tool under Code 108. Noorani also alleges the Bureau of Prisons recognizes that a cell phone is not a hazardous tool because it sought to amend Code 108 to "incorporate technological advances that were not present when the rule was drafted." (Pet., p. 2.)

Respondent avers[3] Noorani was on notice that possession of a cell phone was a violation of a rule in the greatest level offense category. Respondent also avers that, although Code 108 does not specifically delineate a cell phone as a hazardous tool, the explanatory language of that section defines tools as things likely to be used in escapes and escape attempts. (Resp., p. 19.) Respondent asserts a cell phone is something which can be used to plan an escape because, unlike telephones installed in the prison, calls made from cell phones cannot be monitored by prison staff.

## DISCUSSION AND CITATION TO AUTHORITY

28 C.F.R. § 540.102, in relevant part, provides: "The Warden shall establish procedures that enable monitoring of telephone conversations on any telephone located within the institution, said monitoring to be done to preserve the security and orderly management of the institution and to protect the public. The Warden must provide notice

---

[2] Noorani successfully appealed the Disciplinary Hearing Officer's findings, but, after a second hearing once he was transferred to FCI Jesup, the same sanction was imposed against him.

[3] Respondent inexplicably engages in an eight (8) page discussion concerning Noorani's right to due process during the disciplinary proceedings. While the undersigned appreciates Respondent's thoroughness, his discussion of due process is unresponsive and superfluous, as it is clear from Noorani's petition he is challenging the fact that he was unaware a cell phone is considered a hazardous tool under Code 108.

2

to the inmate of the potential for monitoring." In addition to monitoring telephone calls to preserve security in prisons, "[s]taff shall consider as hard contraband[4] any item which poses a serious threat to the security of an institution and which ordinarily is not approved for possession by an inmate or for admission into the institution. Examples of hard contraband include weapons, intoxicants, and currency (where prohibited)." 28 C.F.R. § 553.12(b)(1). Moreover, possession, manufacture, or introduction of a hazardous tool, which is defined as "tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade", are considered to be offenses of the greatest offense level. 28 C.F.R. § 541.13, Table 3, Code 108.

Pursuant to the authority delegated to the Director of the Bureau of Prisons in 28 C.F.R. § 0.96(o), the Bureau of Prisons has implemented these regulations as Program Statements to aid officials in the operation of its prisons. Inmates are advised of the monitoring of inmate telephone calls as part of the admission and orientation process. Officials are to monitor inmate telephone calls to preserve the security of the institution. Program Statement 5264.07, ¶ 11. The Bureau of Prisons has also expanded the list of items considered "hard contraband" to include "tools which may be used to aid in an escape (e.g., rope)." Program Statement 5580.07, ¶ 9(b)(1).

The examples of tools listed in the Regulations and Program Statements, which could aid in an escape or which may threaten institutional security, are not exhaustive. It

---

[4] Contraband is defined in the Regulations as "material prohibited by law, or by regulation, or material which can reasonably be expected to cause physical injury or adversely affect the security, safety, or good order of the institution." 28 C.F.R. § 500.1(h).

3

is intuitive that a cell phone is classified under this category, as an inmate could use a cell phone for any number of reasons, and staff cannot monitor these cell phone calls. Noorani was on notice that his possession of a cell phone (regardless of whether another inmate asked him to keep it for him in an attempt to set up Noorani, as he contends) is considered a tool hazardous to institutional safety pursuant to Code 108. Noorani admits, during his admission and orientation process, that the rules inmates were to follow in the institution were discussed, and Noorani's contention that he was not aware of the severity of his actions (i.e., possessing a cell phone) is immaterial. (Respt's' Ex. 6, p. 2; Resp't's Ex. 14, ¶¶ 4-5.) Noorani's assertion that, because the Bureau of Prisons attempted to have § 541.13 amended to list possession of a cell phone as a greatest level offense, is without merit.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Noorani's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (Doc. No. 1), be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 6th day of June, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)