IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

AKBAR NOORANI,

    Petitioner,

v.                         CIVIL ACTION NO.:CV207-011

JOSE VAZQUEZ, Warden,

    Respondent.

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Noorani asserts a cellular telephone ("cell phone") is not a tool within the ordinary meaning of the word "tool"; accordingly, he should not have been found guilty of possession of a hazardous tool. Noorani contends a tool refers to "an implement, esp. one held in the hand, as a hammer, saw, or file, for performing or facilitating <u>mechanical</u> operations." (Doc. No. 14, pp. 1-2)(emphasis in original).

While Noorani may cite a definition of the word "tool", he does not mention any other definition for that word. Another common definition for the word "tool" is "a means to an end." Webster's New Collegiate Dictionary, 1220 (1979 ed.). Synonyms of the word "tool" include device, instrument, implement, and means.[1] Thus, Noorani was on notice that his possession of a cell phone could be deemed a "tool hazardous to

---

[1] The Court used the "thesaurus" option in the Microsoft Word program to obtain synonyms for "tool."

institutional safety", as a cell phone can be a means, device, instrument, or implement to aid in a prisoner's escape.

Noorani's Objections are without merit. The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court. Noorani's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DENIED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

SO ORDERED, this \_\_11\_\_ day of \_\_\_July\_\_\_, 2007.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA